UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON FEINSTEIN,

    Plaintiff,

vs.                                                  Case No. 11-14571

FARAMEX, INC., JOSEPH FARAH,          HON. AVERN COHN
RACHEL FARAH, WADIH FARAH, and
TERESA FARAH,

    Defendants.
_____/

## MEMORANDUM AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (Doc. 3) AND DISMISSING CASE[1]

### I. Introduction

This is a fraud case. Plaintiff Leon Feinstein is suing defendants Faramex Inc. (Faramex), Joseph Farah, Rachael Farah, Wadih Farah, and Teresa Farah, making several claims regarding an agreement with defendants to purchase plaintiff's 2007 LEXUS LS460 for $30,000. As will be explained, Faramex is located in Maryland and purchases and sells luxury and sport used cars. The individual defendants all reside in Maryland. Plaintiff alleges that defendants took possession of the vehicle without paying the purchase price, forged plaintiff's signature on the title, and sold it to a third party. Plaintiff claims (1) conversion, (2) claim and delivery, (3) fraud, (4) unjust

---

[1]Upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

enrichment, (5) concert of action, (6) civil conspiracy, and (7) breach of contract.

Before the Court is defendants' motion to dismiss for lack of personal jurisdiction. Defendants, who are proceeding pro se, contend that they are not subject to jurisdiction in Michigan. The Court agrees. Accordingly, the motion will be granted.

## II. Background

Plaintiff is a Michigan citizen. The corporate defendant, Faramex, is a Maryland corporation with its principle place of business in Maryland. It does business under the name County Line Motors. The individual defendants are citizens of Maryland. Joseph Farah is an employee of Faramex. Rachel Farah is the wife of Joseph Farah and minimally involved Faramex. Wadih Farah is also employed by Faramex, as an officer. Teresa Farah is the wife of Wadih Farah and also minimally involved in Faramex. None of the individual defendants have ever been to Michigan.

On August 28, 2010, plaintiff entered into a Wholesale Order with Faramex in which Faramex agreed to purchase the Lexus for $30,000. The Wholesale Order appears to be signed by Joseph Farah. According to defendants, plaintiff brought the vehicle to Maryland where the sale took place. Plaintiff does not deny this. Plaintiff says that defendants[2] failed to pay him the purchase price, forged his name on the title, and later sold the vehicle to a third party on or about September 23, 2010.

The complaint invokes the Court's diversity jurisdiction.[3] It contains no

---

[2]The complaint uses the term "defendants" throughout. The complaint does not set forth specific allegations against the various defendants or differentiate them in any way.

[3]Given that the price of the vehicle was $30,000, a question is raised of whether the amount-in-controversy requirement is satisfied. However, plaintiff has plead

2

allegations as to venue.

### III. Analysis

Federal Rule of Civil Procedure 12(b)(2) allows the Court to dismiss an action for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The plaintiff has the burden of establishing whether the Court has jurisdiction over the defendants. Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir. 1991). When presented with a motion to dismiss for lack of personal jurisdiction, the Court may, in its discretion, pick between three options. First, it may conduct an evidentiary hearing to resolve any factual issues. Id. at 1458. Second, it may proceed to discovery. Id. The Court may conduct an evidentiary hearing or allow discovery if "the written submissions raise disputed issues of fact or seem to require determinations of credibility." McCluskey v. Belford High Sch., 795 F. Supp. 2d 608, 615 (E.D. Mich. 2010) (quoting Serras v. First Tenn. Bank Nat. Ass'n, 875 F.2d 1212, 1214 (6th Cir.1989)). Finally, it may decide the issue based on the pleadings and affidavits alone. Id. (quoting Theunissen, 935 F.2d at 1458).

When the Court does not conduct an evidentiary hearing, it must consider the pleadings and affidavits in the light most favorable to the plaintiff. Lifestyle Lift Holding Co., Inc. v. Prendiville, 768 F. Supp. 2d 929, 932 (E.D. Mich. 2011). "In this circumstance, the plaintiff must make a prima facie showing of jurisdiction; the court does not consider the controverting assertions of the party moving for dismissal." Id. In a diversity case, the plaintiff has established a prima facie case when he or she shows that the federal court's exercise of personal jurisdiction over the defendants is "both (1)

---

damages in excess of $75,000, based upon statutory authority for the award of treble damages and attorney fees on a claim for conversion.

authorized by the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment." Neogen Corp. v. Neo Gen Screening, Inc., 282 F.3d 883, 888 (6th Cir.2002).

### A.  General Personal Jurisdiction

In action based on diversity, a federal court must apply the law of the forum state to determine whether it has jurisdiction over a non-resident defendant. Theunissen, 935 F.2d at 1459. Personal jurisdiction may be invoked in two forms: general or specific. General jurisdiction exists where the defendant has "continuous and systematic" contact with the forum state, here Michigan. See Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 445–47 (1952). It allows a Michigan court to exercise jurisdiction over a defendant regardless of whether the claims at issues are related to its activities in the state or has an in-state effect. Neogen, 282 F.3d at 888. Under Michigan law, the Court has general jurisdiction over a corporation when it 1) was incorporated under Michigan law; 2) consented to jurisdiction in Michigan; or 3) carries on "a continuous and systematic part of its general business within Michigan". Mich. Comp. Laws. § 600.711.

Here, it is clear that the Court does not have general jurisdiction over defendants; nor has plaintiff argued as such. As to the corporate defendant, Faramex, it is not incorporated in Michigan, has not consented to jurisdiction and does not have continuous and systematic business contacts in Michigan. The individual defendants also are not alleged to have continuous contact with Michigan.

### B.  Limited Personal Jurisdiction

1.

Specific or limited jurisdiction involves the defendant's contacts with the forum state. See Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., 91 F.3d 790, 793 (6th Cir.1996). The defendant's physical presence in the state is irrelevant. McCluskey, 795 F. Supp. 2d at 615. M.C.L. § 600.715 allows the Court to exercise specific personal jurisdiction over a nonresident corporation in connection with the following acts:

> (1) The transaction of any business within the state.
> (2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.
> (3) The ownership, use, or possession of any real or tangible personal property situated within the state.
> (4) Contracting to insure any person, property, or risk located within this state at the time of contracting.
> (5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant.

With respect to individuals, Michigan's long arm statute provides:

> The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction over the individual and to enable the court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:
>
> (1) The transaction of any business within the state.
> (2) The doing or causing an act to be done, or causing consequences to occur, in the state resulting in an action for tort.
> (3) The ownership, use, or possession of real or tangible personal property situated within the state.
> (4) Contracting to insure a person, property, or risk located within the state at the time of contracting.
> (5) Entering into a contract for services to be rendered or for materials to be furnished in the state by the defendant.
> (6) Acting as a director, manager, trustee, or other officer of a corporation incorporated under the laws of or having its principle place of business within this state.
> (7) Maintaining a domicile in this state while subject to a marital or family relationship which is the basis of the claim for divorce, alimony, separate

maintenance, property settlement, child support, or child custody.
M.C.L. § 600.705 (2007).

"When a state's long-arm statute reaches as far as the limits of the Due Process Clause, the two inquiries merge and the court need only determine whether the assertion of personal jurisdiction violates constitutional due process." Intera Corp. v. Henderson, 428 F.3d 605, 616 (6th Cir. 2005). Given that courts have held that Michigan's long-arm statue extends to the limits permitted by the Due Process Clause, the Court is only required to analyze whether the exercise of jurisdiction would be permitted under the Due Process Clause. Lifestyle, 768 F. Supp. 2d at 933.

The Sixth Circuit employs a three-part test to determine whether the exercise of personal jurisdiction would be consistent with due process: 1) the defendant has purposefully availed itself of the privilege of acting in the forum state or causing a consequence to occur there; 2) the cause of action arises out of the defendant's activities in the forum state; and 3) whether the exercise of personal jurisdiction is reasonable based on the defendant's connection to the forum state. So. Machine Co. v. MahAmerican Shippingo Industries, Inc., 401 F.2d 374, 381 (6th Cir.1968).

A defendant has purposefully availed himself of the forum state when "the defendant's contacts with the forum state 'proximately result from the actions by the defendant himself that create a 'substantial connection' with the forum State." Neogen, 282 F.3d at 889 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). Purposeful availment requires more than "passive availment of Michigan opportunities." Id. (quoting Khalaf v. Bankers & Shippers Ins. Co., 404 Mich. 134, 273 N.W.2d 811, 819 (Mich.1978)).

There is an inference that the exercise of jurisdiction is reasonable when the first two elements are satisfied. CompuServe, Inc. v. Patterson, 89 F.3d 1257, 1268 (6th Cir.1996). "Generally, when considering whether it is reasonable to exercise personal jurisdiction over a non-resident defendant, a court must consider several factors including the following: (1) the burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; and (4) other states' interest in securing the most efficient resolution of the controversy." Intera Corp., 428 F.3d at 618.

2.

Plaintiff first argues that defendants should be subject to the Court's jurisdiction because they have purposefully availed themselves of acting in Michigan. In support, plaintiff says (1) Faramex maintained a website, which is no longer operational, which contained a statement that "we hand select only the finest pre-owned sports and luxury used cars from all around the country." Exhibit 2 to Plaintiff's Response (Doc. 7). Plaintiff also relies on an affidavit from a non-party, Dmitry Bekkerman, who resides in Michigan, who states that he has purchased three vehicles from "defendants," searched "defendants" website and inquired about purchasing vehicles, and used funds from Michigan accounts to pay for these vehicles. Bekkerman also states that he is "personally aware" that "at least two other Michigan residents" purchased vehicles from "defendants." Exhibit 3 to Plaintiff's Response.

The Court does not believe that these contacts are sufficient to confer specific personal jurisdiction of any of the defendants. Although web-based activity can provide a basis for limited personal jurisdiction, see Neogen Corp. v. Neo Gen Screening, 282 F.3d 883 (6th Cir. 2002), a single statement on a website indicating that it obtains

vehicles from "all over the county" does not rise to the level of internet connectivity required to establish personal jurisdiction in Michigan. The statement is generic and is passively posted information.

The same is true regarding the statements in the affidavit of the non-party. At best it shows that "defendants" have sold vehicles to people in Michigan. What the affidavit does not say is more telling; it does not state where any of the alleged sales took place, nor provide any detail as to ay of "defendants" solicitation efforts targeted at Michigan.

By contrast, defendants offer the "affidavits"[4] from each of the individual defendants and Faramex (signed by Wadih Farah). All of them state they have never been to Michigan. The affidavits of Joseph Farah, Wadih Farah, and Faramex all state:

---

[4]The affidavits are signed but not dated or notarized. 28 U.S.C. § 1746 applies to unsworn declarations under penalty of perjury. It provides
> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
> . . .
> (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
> (Signature)"

The affidavits all contain the following statement "I solemnly affirm, under the penalties of perjury and upon personal knowledge that the contents of the foregoing paper are true." While this is not exactly the same language under section 1746, it is substantially in the correct form, particularly given defendants' pro se status.

> While Faramex, Inc. has a website, it does no advertising or soliciting in Michigan. It does no business in Michigan. It does not contract to sell anything in Michigan. It has no vendors or customers in Michigan. Faramex was approached by plaintiff, who brought the 2007 Lexus to Maryland.

Plaintiff's does not challenge these assertions, other than as described above. Plaintiff has failed to show that any of the defendants purposefully availed themselves of acting in Michigan.

Second, plaintiff does not dispute that he took the Lexus to Maryland where the sale occurred at Faramex's place of business. Thus, plaintiff fails on the second prong of the test–whether the claims arise out of defendants' activities in Michigan. Here, all of the relevant events–the sale of the Lexus, the alleged forgery of title, and subsequent sale to a third-party–took place in Maryland. As such, Maryland has by far the greater interest in the case.

While plaintiff argues he was harmed in Michigan because his damages, loss of money, are felt here, this fact does not establish that his claims arise out of defendants' actions in Michigan. Nor does the assertion that defendants have sold vehicles to others in Michigan, without any detail, meet the second prong.

Finally, as to the third prong, it follows that because plaintiff has not satisfied the first two prongs, he has also failed to show that the exercise of jurisdiction over defendants would be reasonable.

Overall, considering the record in a light most favorable to plaintiff, he has failed in its burden of showing sufficient contacts by any of the defendants which would make the exercise of limited personal jurisdiction over then in Michigan consistent with due process.

IV. Conclusion

For the reasons state above, defendants' motion to dismiss is GRANTED. This case is DISMISSED.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: April 3, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Joseph Farah at 5314 Illchester Manor Lane, Ellicott City, MD 21043 on this date, April 3, 2012, by electronic and/or ordinary mail.

    S/Julie Owens
Case Manager, (313) 234-5160